# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

Emmitt T. Tiner                                    )
                                                   )   Docket No. 08-823-MJR
_____                          )   (To be supplied by the Clerk)
                                                   )
_____                          )
                                                   )
              **Plaintiff/Petitioner(s).**         )
                                                   )   **CIVIL RIGHTS COMPLAINT**
                                                   )☒ **pursuant to 42 U.S.C. §1983**
                                                   )   **(State Prisoner)**
            -vs-                                    )
                                                   )
Illinois Dept. OF Corrections                      )   **CIVIL RIGHTS COMPLAINT**
                                                   )☐ **pursuant to 28 U.S.C. §1331**
Roger E. Walker Jr.                                )   **(Federal Prisoner)**
                                                   )
Wexford Health Sources, Inc.                       )
                                                   )   **CIVIL COMPLAINT**
Linda Runge                                        )☒ **pursuant to the Federal Tort Claims**
              **Defendant/Respondent(s).**         )   **Act, 28 U.S.C. §1346, 2671-2680**

## I.    JURISDICTION

A.   Plaintiff's mailing address and/or register number and present place of confinement.
     Menard Correctional facility - P.O. Box 711 Menard Ill.
     62259

B.   Defendant Illinois Dept n Corrections _____ is employed as
              (Name of First Defendant)
           IL. Dept of Corrections
              (Position/Title)
     with IL Dept of. Corrections - I.D.O.C. Executive
              (Employer's Name and Address)
     Office Bldg. 1301 Concordia Court Springfield, Illinois 62794

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the
state, local or federal government?
                                        Yes (☒)          No ( )
If your answer is "yes", briefly explain:
     Illinois Dept of Corrections
                      N/A

Rev. 2/00

C.   Defendant _Roger E. Walker Jr._ is employed as
(Name of Second Defendant)

_Director_
(Position/Title)

with _Illinois Dept of Corrections - I.D.O.C. Executive Office_
(Employer's Name and Address)

_Bldg. 1301 Concordia Court Springfield, IL. 62794_

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

Yes (X)          No ( )

If your answer is "yes", briefly explain:

_Responsible for the overall day to day operation of the Department of Corrections within the state of Illinois_

D.   Using the outline of the form provided, include the above information for any additional defendant(s). _(please refer to Additional Defendants on next two pages- page) #2 cont'd)_

N/A

## II.   PREVIOUS LAWSUITS

A.   Have you begun any other lawsuits in state or federal court relating to your imprisonment?

Yes ( )          No (X)

B.   If your answer to "A" is "yes", describe the lawsuit(s) in the space below.  (If there is more than one (1) lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.)  **Failure to comply with this provision may result in summary denial of your complaint.** _N/A_

N/A

Rev. 2/00

DEFENDANT: Wexford Health Sources, Inc. is employed as
(NAME OF THIRD DEFENDANT )

HEALTH - CARE PROVIDERS
( POSITION / TITLE )

WITH Illinois Dept. OF Corrections - I.D.O.C. Executive
(Employer's Name And Address)
Office Bldg. 1301 Concordia Court Springfield, IL. 62794

AT The Time The Claim(s) alleged IN THIS Complaint arose, Was The defendant employed By The State, Local or Federal government?
Yes ( X )          No ( )

IF your Answer is "yes" briefly explain:
Contracted To Provide Medical HEALTH-Care Services
For INMates IN designated Correctional facilities
For The Illinois Dept of Correctionse

DEFENDANT   LINDA   KUNGE            is employed as
(NAME OF FOURTH DEFENDANT )

Nurse - Practitioner
( POSITION / TITLE )

WITH Wexford Health Sources, Inc. - P.O. Box 16218
(Employer's Name And Address)
PITTSBURGH, P.A. 15242

AT The Time The Claim(s) alleged IN THIS Complaint arose, Was The defendant employed by The State, Local or Federal government?
Yes ( )          No ( X )

IF your Answer is "yes" briefly explain:
N/A
N/A
N/A

-2-

DEFENDANT "JOHN-DOE"(A.K.A. SUPERINTENDANT MOTT) is employed as
[NAME OF FIFTH DEFENDANT]

SuperINTeNdaNT
( POSITION / TITLE )

WITH ILLINOIS DEPT OF CORRECTIONS - I.D.O.C. Executive
[Employer's Name AND ADDRESS]
OFFICE BLDG. 1301 CONCORDIA Court SPRINGField, IL 62794

AT The Time The Claim(s) Alleged IN This Complaint Arose, Was The defendant
employed By The State, Local or Federal government?
Yes [X]   No [ ]

IF Your ANSWer is "Yes" brieFly explain:
THis DEFeNdANt is The Superintendent of The HARdiN
CoUNty Work Camp. The last NAMe of THis
DeFENdANT IS MoTT

DEFENDANT "JoHN Doe"(A.K.A - DR. DAVID) is employed as
[Name OF SixTH DEFeNdANT]

DocTer / Medical DirecToR
( POSITION / TiTle )

WiTH WexFord HEALTH SourLes, INC. P.O.Box 16218
[Employer's Name And Address]
PiTTsBurGH, P. A. 15242

AT The Time The Claim(s) alleged IN This Complaint Arose, Was The deFENdANT
employed by The STATe, Local or Federal governmeNt?
Yes [ ]   No [X]

IF your ANSWer is "Yes" brieFly explain:
N/A
N/A
N/A
-2-

1.  Parties to previous lawsuits:
    Plaintiff(s) _____ *N/A* _____
    _____ *N/A* _____

    Defendant(s) _____ *N/A* _____
    _____ *N/A* _____
    _____ *N/A* _____

2.  Court (if Federal Court, name the District; if State Court, name the County)
    _____ *N/A* _____

3.  Docket number _____ *N/A* _____

4.  Name of Judge to whom case was assigned _____ *N/A* _____

5.  Type of case (for example:  Was it a Habeas Corpus or Civil Rights action?)
    _____ *N/A* _____

6.  Disposition of case (for example:  Was the case dismissed?  Was it appealed?  Is it
    still pending?) ____ *N/A* _____

7.  Approximate date of filing lawsuit _____ *N/A* _____

8.  Approximate date of disposition _____ *N/A* _____

## III.  GRIEVANCE PROCEDURE

A.  Is there a prisoner grievance procedure in the institution? _____ *Yes* _____

B.  Did you present the facts relating to your complaint in the prisoner grievance procedure?
    Yes (✗) No ( )

C.  If your answer is "yes",
    1.  What steps did you take? *Filed Grievance(s) on All levels (Institutional, Chief Administrative Officer And The Administrative Review Board)*

    2.  What was the result? *All Denied By Grievance Officers, Chief Administrative Officer And/or The Administrative Review Board*

D.  If your answer is "no", explain why not. *N/A*
    _____ *N/A* _____
    _____ *N/A* _____
    _____ *N/A* _____

E.  If there is no prisoner grievance procedure in the institution, did you complaint to prison authorities? Yes ( )   No ( )

F.  If your answer is "yes",
    1.   What steps did you take?  _N/A_
                _N/A_

    2.   What was the result?  _N/A_
                _N/A_

G.  If your answer is "no", explain why not.  _N/A_
                _N/A_

H.  Attach copies of your request for an administrative remedy and the response(s) you received. If you cannot do so, explain why not: _Copies Attached (Exhibit # 1),_
_[Exhibit # 3, And # 5]_ _N/A_

## IV.  STATEMENT OF CLAIM

State here, as briefly as possible, the FACTS of your case. State who, what, when, where and how you feel your constitutional rights were violated. Do not cite cases or statutes. If you choose to submit legal arguments or citations, you must do so in a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, **attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits.**

**Only two (2) extra pages (8½ x 11") are permitted, if necessary, to complete your statement of claim.** Additionally, attach any relevant, supporting documentation.

ON JUNE 14, 2007 ON OR AROUND 9:30 A.M. Inmate Emmitt T. Tiner (Plaintiff) And Aden R. Reel # K52070 (Affidavit Attached To Complaint - Exhibit # 2) Were Walking To Their Assigned Job Assignment With The Inside Grounds Crew In Shawnee Correctional Facility When The Plaintiff Was hit From Behind By a green Illinois Department Of Corrections Vehicle (VAN) With Tinted Windows, That Was Being Driven In Reverse (Backwards) Down The RoadWayIN The Institution By Superintendant (Mott) Of The Hardin County Work Camp The I.D.O.C. Vehicle Did Not Display Any Warning Mechanism To Allow For The Plaintiff To Have Any Prior KNowledge THAT The Vehicle Was Being Driven In Reverse And Approching And The Impact From The Collision Caused The Plaintiff To Be In Pain, Dizzy And Disoriented Requesting To Go To The HEALTH Care UNit The Plaintiff Was Examined By Nurse Jasala And Then By Nurse Practitioner Linda Runge And Then By Dr. David. During The Course Of eACH ExamiNATION The Plaintiff Fully Explained The CircumstANces Surrounding

Him (PlainTiFF) being injured And the amount of pain he was experiencinge
The plainTiFF also repeatedly asked to be taken to a hospital to have a
M.R.I. procedure so the extent of his injuries could be diagnosed And
Immediately treated, but his request were denied and eventually the
PlaintiFF Was Sent Back to his housing Unit With a bag of Ice and
Motrine aspirins. On June 15, 2007 due to Complications from his
injuries that resulted in the plaintiFF Having A lot of difficulty trying
to walk, He Was taken to the Health Care Unit and Re-examined by
Nurse Practitioner Linda Runge who ordered for the PlaintiFF Submit
a Urine Sample for Possible Internal bleeding And be admitted into the
health Care Unit infirmary for a 54 Hour Observation period. The PlaintiFF
again Requested To be Taken To the hospital for A M.R.I. And due
To The PlaintiFF Having Difficulty walking He (PlaintiFF) Also Requested
The Use of A walker or walking Cane And Both Requests Were denied And
The following day The PlaintiFF was Released Back To His Housing Unit. he
Plaintiff Was Re-examined by Dr. David on June 18, 2007 And denied
A M.R.I. (Grievance Filed, denied-Attached to Complaint-Exhibit #3)
From June 19, 2007 To July 30, 2007 The PlaintiFF Repeatedly Sent Request
Slips To Nurse Practitioner (Runge) And Dr. David Asking To be Taken To
The Hospital for Further Observations Into His Injuries Because He
Was Continuously in A lot of Pain And His physical Condition was
Not Improving And he Also Visibly Had Difficulty walking. The Plaintiff
Was Sent To The health Care Unit on July 31, 2007 for X-Rays And
Immediately Following Was Re-examined by Nurse Practitioner (Runge)
Who Acknowledged That The PlaintiFF Condition Was Not Getting Any
Better And That he (plaintiFF) Was Having Difficulty Walking And

-5-

ORDERED That The Plaintiff Be Given a Slow Walking Permit (Copy
of Slow Walking Permit Attached To Complaint (Exhibit # 4)) But Also
Denied The Plaintiff Requests To be Taken To A Hospital For A M.R.I.
And The use of A Walker n Walking Canes (Grievance Filed & Denied - Copy
of Denial letter Attached to Complaint Exhibit # 5) ON August 2, 2007
The Plaintiff Needed Emergency Medical Attention And Was Taken To The
health Care Unit Infirmary ON a Stretcher & Re-Examined And Re Admitted
INTO The Infirmary For a 24 Hour Observation period By Nurse Practitioner
(Runge) WHO STATED That "There is No Need FOR The Plaintiff To be
Taken To The hospital" And Released The Plaintiff The Following Day WITH
A Higher dosage of Pain Pills And Muscle Relaxurse ON August 5, 2009
The Plaintiff Again Needed Emergency Medical Treatment AFTER Attemp
To get Himself out of bed And feeling a Pop IN His lower Back And Shooting
Pain down INTO His Buttocks And leg Area That Prevented him from Walking
He Was Taken ON stretcher To The health Care Unit infirmary where
He Remained ■ Confined To a Bed UNTIL August 14, 2007 And
Released Without Any Further Observations INTO The Extent of His
INJuries OR The use of A Walker OR Walker Cane Even AFTER
ContiNuing To Have a lot of Problems WalKing Due To a great
Deal of lower Back Pain And Shooting Pains From August 16, 2007
To The Time That The Plaintiff Was Transferred oN Sept 26, 2007 To
PiNKNeyville Correctional Facility & He (Plaintiff) Repeatedly Sent Requests
To Nurse Practitioner (Runge) and De. David To be Taken To The Hospital
For A M.R.I. And The use of A Walker n Walking Canes
But The Plaintiff only Received A Examination By De. David on
August 23, 2007 And From Nurse Practitioner (Runge) oN September 7, 2007.

AFTER The PLAINTIFF Was Transferred he Immediately Started Requesting Medical Treatment from the Medical STAFF for his Injuries But The PLAINTIFF Did NOT Receive a Examination Until October 29, 2007 from Dr. OBADINA Who Ordered for The PLAINTFF To Immediately Start Receiving Physical Therapy Treatments. The PLAINTIFF Did NoT Immediately Receive Physical Therapy As Ordered And The Complications from His INJuries Continued To Cause him A great Real of Pain And Problems With His ABility To Walk To The Extent That The PLAINTIFF Had To be Physically Assisted From His Housing Unit To The Cafeteria By other Inmates Assigned To Assist The Physically Challenged And disabled during The Physically Challenged Call Line. ON November 12, 2007 While The PLAINTIFF Was Being Assisted To The Cafeteria, He (PLAINTIFF) Could Not Continue Walking Due To a Severe Amount of Lower Back Pain And Shooting Pain IN His Buttocks And Leg Area. The PLAINTIFF Was TAken on A STRetcher To The Health-Care Unit Infirmary And Remained Confined To A Bed And AFTer The PLAINTIFFS Physical Condition did Not Improve After Several Examinations from Dr. OBADINAy He (PLAINTIFF) Was TAken To The St. Elizabeth Hospital (Belleville, Illinois) on January 23, 2008 For A M.R.I. procedure That diagnosed The PLAINTIFF As Having BULGING Discs And Pinched Nerves. The PLAINTIFF Was Then Referred By Dr. OBADINA To A Neurosurgeon Who Examined The PLAINTIFF on May 14, 2008 And Ordered A Nerve Conduction Test for The PLAINTIFF. The PLAINTIFF Was Given A Nerve Conduction Test on June 12, 2008 And IN a follow-up Examination With The Neurosurgeon on August 8, 2008 The

-5-

Plaintiff Was Informed That The Nerve Conduction Test Revealed That The Plaintiff Had A Significant Amount of Nerve Damage On The left Side of His Body That Would Require The Need For Surgery. The Neurosurgeon Also Highly Recommended To The Medical Staff At Menard Correctional facility To Provide The Plaintiff With physical Therapy Treatments As A Possible Alternative Option To The Plaintiff Not Having Surgery. To Date, The Plaintiff Has Not Received Any Physical Therapy. Due To The defendants failure To have The Plaintiff's Injuries diagnosed And Immediately treated following The Plaintiff being Injured on June 14, 2007 The Plaintiff has Suffered a great deal of Unnecessary Pain That has also Resulted In The Severity of The Plaintiff's Nerve Damage due To The Defendants Denying The Plaintiff The use of a Walking OR Walking Cane To Assist The Plaintiff With Walking.

Emmitt T. Tiner - K51116
Emmitt T. Tiner - K51116

## V.    REQUEST FOR RELIEF

State exactly what you want the Court to do for you.  If you are a state or federal prisoner, and seek relief which affects the fact or duration of your imprisonment (for example:  illegal detention, restoration of good time, expungement of records or parole release), you must file your claim on a Habeas Corpus form, pursuant to 28 U.S.C. §2254, 28 U.S.C. §2255, or 28 U.S.C. §2241.

The plaintiff is Requesting The Court To Award Him Compensatory And Punitive Damages (For Pain And Suffering, Mental Anguish, loss of Future Wages And Past And Future Medical Care.) The Plaintiff Also Request A Declaratory Judgement STATING That The Defendents Violated The Plaintiff's Civil Rights. The plaintiff Also Requests Injunctive Relief Ordering The Defendents To Provide The Plaintiff With Housing, Physical Therapy Treatments And A WheelcHeir At A Assisted living Facility For The Disabled when He is Released on Parole in 2009. Also, ATTORNEY Fees AND Costs The Plaintiff is Requesting

## VI.    JURY DEMAND (check one box below)

The plaintiff does  ☒    does not  ☐    request a trial by jury.  (See Fed.R.Civ.P. 38.)

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I, the undersigned, certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure.   The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rule of Civil Procedure 11(c).

The plaintiff hereby requests the Court issue all appropriate service and/or notices to the defendant(s).

Signed this 09 day of November, 2008.

_____
Signature of Plaintiff

_____
Signature of attorney, if any

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 7-9-07 | Committed Person: (Please Print) _Emmitt T. Tiner_ | ID#: K51116 |
|---|---|---|

| Present Facility: Shawnee | Facility where grievance issue occurred: Shawnee |
|---|---|

**NATURE OF GRIEVANCE:**

Reckless endangermant, Disregards Fir the safety of inmates, Mental Anguish, Inconvinience To inmates

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability Fir causing Personal Injury,
- [x] Other (specify): Violation of Driving Procedures Set Forth By Illinois Dept of
- [ ] Disciplinary Report: ___/___/___ Date of Report                    Facility where issued Corrections.

Note:     Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On June 14th 2007 at or around 5:30 A.M. Grievant Along with inmate Aden Reel (R52070) were walking towards the East side sally-port gate to thir assigned work assignment with the Inside Grounds Crew. When He was struck on the left side of His body in the shoulder Area, left Arm Area, and lower back Area by a Green Minivan with Tinted Windows That was being driven (Backwards) in reverse towards the East side sally port gate by Superintendant (Mont) of the Hardin County Work Camp. Grievant was not given any prior knowledge that vehicle was heading His way or that vehicle was Approaching And the Impact from the drivous side threw Inmate Tiner (Grievant) into Inmate Reel (R52070) causing Him to stumble Pushing Both ████ Grievant And Reel further towards the side of the road. Grievant was Immediately requested by Most And Abso officer Campbell (who was present) to Go to the Health Care Unit for His (over)

Relief Requested: Complaint To Be Filed with the Illinois/State Police, M.R.I. Procedure performed even if Cost is paid by Superintendant (Mont) Insurance Company, Disciplinary Action Taken (Termination) for Blatantly Having Disregard for the safety of Inmates for Recklessly Driving in Reverse on Roadways.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| _Emmitt J. Tiner_ | K5916 | 7 . 9 . 07 |
|---|---|---|
| Committed Person's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 7/16/07

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

Date Received: 7/19/07     Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [x] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

| _Shawn Cott_ | 7/19/07 |
|---|---|
| Chief Administrative Officer's Signature | Date |

INJURIES AND BE Examined. GRIEVANT ORIGINALLY THought THAT THE PAIN HE WAS EXPERIENCING Would Go Away AND HE Would BE ABLE TO CONTINUE WITH HIS JOB ASSIGNMENT, But INSTEAD GRIEVANTS PAIN ONLY GREW WORSE WITHIN SEVERAL MINUTES OF THE ACCIDENT, FORCING HIM TO SEEK Medical ATTENTION AS Requested By M.N.T. GRIEVANT Immediately INformed THE Medical STAFF HE WAS EXPERIENCING SEVERE PAIN IN HIS SHOULDER AREAS ARM AREA, AND THE lower back AREA ON THE LEFT SIDE OF HIS Body. GRIEVANT Requested X-rays BE PERFORMED AND ALSO An M.R.I. BE PerFormED SO THE FULL EXTENT OF HIS INJURIES Could BE learned AND Effectively TREATED. GRIEVANTS Requests were ORIGINALLY Denied by THE Medical STAFF IN HIS PRE Examinations AND ALSO Denied By DR. DAVIS IN THE FULL EXAMINATION AFTER DR. DAVIS WAS CALLED IN. But GRIEVANTS Request WAS GRANTED AND ON JUNE 21st 2007 GRIEVANT Received X-rays ON HIS SHouLDER AREA ONLY. GRIEVANT HAS HAD Several Follow up Exams Immediately Following THE Accident WHERE HE HAS Again Repeatedly Requested FOR A M.R.I. Procedure To Be Performed Because HE WAS Experiencing PAIN SO SEVERE From HIS INJURIES THAT It Would Cause Him To HAVE TROUBLE Sleeping, SITTING, STANDING AND WALKING FOR long PERIODS OF TIME, IF THE Medical UNIT is UnWilling To HAVE This Procedure Done, THEN GRIEVANT IS ASKING THAT THE Illinois Dept OF CORRECTIONS INSTRUCT SUPERINTENDANT (MONT) TO CONTACT HIS PRIVATE INSURANCE COMPANY TO BE RESPONSIBLE FOR PROVIDING FOR THE Procedure To BE DONE TO LEARN THE EXTENT OF GRIEVANTS INJURIES. BECAUSE SUPERINTENDANTS MONTS ACTIONS ON THE DAY OF THE ACCIDENT WERE WERY WERY Reckless AND HIS BLATANT DISRegard In THE SAFETY OF INMATES TINER (GRIEVANT) K5111 AND INMATE REEL (K58070) IS THE ONLY REASONS INJURIES WERE SUSTAINED. GRIEVANT WOULD ALSO ASK THAT A COMPLAINT BE FILED WITH THE Illinois STATE POLICE, BECAUSE THESE ACTIONS Could OF COST GRIEVANT AND INMATE REEL THEIR lives INSTEAD OF THE SERIOUS INJURIES GRIEVANT Received. GRIEVANT Would ALSO Request THAT DISCIPLINARY ACTIONS BE TAKEN IN THE Form OF TERMINATION Because Clearly I.D.O.C. Policy AND THE PROCEDURES WERE NOT Followed Regarding THE HANDLING OF Motor VEHICLES AROUND INMATES. GRIEVANT WAS INTERVIEWED By LT McGILL OF INTERNAL AFFAIRS ON THE DAY OF THE ACCIDENT WERE GRIEVANT Relayed Accurate Accounts To LT. McGILL. LT McGILL ALSO Took Pictures OF GRIEVANTS Left SIDE SHoulDER AREA ONLY. GRIEVANT WAS ALSO Told By LT McGILL THAT PICTURES OF THE VEHICLE INVOLVED IN THE ACCIDENT WERE TAKEN. LT McGILL ALSO PREPARED A REPORT (STATEMENT) THAT WAS NOT Read By GRIEVANT OR TO GRIEVANT But Signed By GRIEVANTS. THis IS WHY GRIEVANT IS Filing A GRIEVANCE ON SUPERINTENDANT MONTS ACTIONS ON THE DAY OF JUNE 14th 2007 THAT Resulted IN INJURIES TO GRIEVANT, TO INSURE HIS STATEMENT is on Record TO THE EVENTS Surrounding THE ACCIDENT, AND TO INSURE THAT HIS Medical NEEDS ARE PROVIDED FOR FOR HIS INJURIES SUSTAINED AND EFFECTIVE TREATMENT IS PROVIDED TO HIM.

Emmitt J. Tiner - K51116
EMMITT T. TINER - K 51116

July 9th 2007



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

October 4, 2007

Emmit Tiner
Register No. K51116
Pinckneyville Correctional Center

Dear Mr. Tiner:

This is in response to your grievance received on July 26, 2007, regarding Medical (Injury 6/14/07 w/ IDOC Van) and Staff Conduct (Supt. Mott), which was alleged to have occurred at Shawnee Correctional Center. This office has determined the issue will be addressed without a formal hearing.

This office has reviewed your written grievance and supporting documentation regarding an injury you suffered on 6/14/07 and claims of staff misconduct.

The Grievance officer's report and subsequent recommendation dated June 28, 2007 and approval by the Chief Administrative Officer on June 28, 2007 have been reviewed.

This office discussed the issue with Shawnee Internal Affairs Staff.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD:

Sherry Benton
Administrative Review Board
Office of Inmate Issues

CONCURRED:

Roger E. Walker Jr.
Director

)   SS.

COUNTY OF *JOHNSON*   )

### AFFIDAVIT

I, *ADEN R KEEL*        , after being sworn upon my oath, depose and state
as follows:

My current address is: *6665 ST RT 146 E VIENNA IL 62995*


I am making this affidavit for the purpose of: *An OFFICAL*
*STATMENT OF WHAT I WITNESSED ON JUNE 14 2007*


I am making the following statements on oath regarding the purpose
of this affidavit, as stated above: *ON JUNE 14TH 2007 AROUND 830 AM*
*INMATE TINER K 51116 AND MYSEL WERE WALKINL TO OUR WORK*
*ASSIGNMENT ON THE INSIDE GROUNDS CREW. INMATE TINER WAS STRUCK*
*FROM BEHIND ON THE LEFT SIDE OF HIS BODY by A GREEN MINI VAN*
*DRIVEN IN REVERSE By SUPERINTENDNT PLWT. OF THE HARDIN Co WORK*
*CAMP. INMATE TINER WAS SENT TO HEALTH CARE AT THAT TIME*
*I HAVE BEEN INTERVIEWED BY LT MCGill OF INTERNAL AFFAIRS*
*AND I GAVE A VERBAL STATEMENT LT MC Kill WROTE THAT STATMENT*
*OUT AND ASKED ME TO SIGN It.*


I, *ADEN R KEEL*        , affiant, do hereby declare and affirm
under penalty of perjury as defined in 735 ILCS 5/1-109, that everything
contained herein is true and correct to the best of my knowledge and belief.
I further declare and affirm that the contents of the foregoing documents
are known to me and are accurate to the best of my knowledge and belief.
Finally, I do declare and affirm that the matter at hand is not taken
either frivously or maliciously and that i believe the foregoing matter
is taken in good faith.

Signed on this the *17* day of *JULY*   , 20 *07*

*Aden R Keel  R52070*

Affiant

* The case is being held up Because The Inmate Failed To follow The 30 Day Time Frame (Copy of Money Vouchers Attached Requesting Certified Mail, Through The Mail Room on July 20, 2007)

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**COMMITTED PERSON'S GRIEVANCE**

| Date: 6-21-07 | Committed Person: EMMITT Toner (Please Print) | ID#: K51116 |
|---|---|---|

| Present Facility: SHAWNEE | Facility where grievance issue occurred: SHAWNEE |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☒ Medical Treatment

Having M.R.I Performed To Fully Learn Extent of Injuries
- ☐ Disability IN LEFT lower Back
- ☐ Other (specify): AREA Side- Pain Causes Problems Walking, Sleeping, And Even Sitting

☐ Disciplinary Report: ___/___/___
Date of Report          Facility where Issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: GRievant Suffered Injuries From his Accident That occurred on June 14TH 2007 At n Around 8:30 A.M. involving Superintendant Mott, Grievant Explained To THE health CARE Unit And later to the doctor THAT His Pain WAS Very Severe in The left arm Area, The shoulder Area, And also The lower left side Back Area, Grievant Has stated All Along And Even to His Follow up Exams THAT He WAS Experiencing PAIN So Severe in His lower Back Area THAT He WAS having Problems Walking, Sitting And lay down And STANDing For long Periods of Time Because The Pain Would Constantly Shoot up And Down His leg And into His buttocks Area MAKing it feel As if Being Constantly Being Stabbed on His left Side, 6-21-07 GRievant An X-ray on His Shoulder Area And Nothing else, The Injuries Grievant Suffered WAS not only in The shoulder area, So Every Attempt Should be MAde (over)

Relief Requested: To be Given M.R.I Over Body To Understand ❤ Extent of Grievants INjuries in His lower back Area, (Just As Medical Staff Performed X-rays on 6-21-07 on His shoulder Area To learn Extent of Those Injuries,- GRievant Is in Constant Pain in lower back Area

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Emmitt J. Toner | K51116 | 6, 21, 07 |
|---|---|---|
| Committed Person's Signature | ID# | Date |

*(Continue on reverse side if necessary)*

---

**Counselor's Response (if applicable)**

Date Received: 6, 26, 07    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Written response from DON Janet Bourgea that on 6-14-07 inmate self-reported that there was the area that had been injured (left arm).

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

To Find out The full Extent of GRIEVANTS INJuries To Effectively Diagnose And BE ABle To Treat Him Medically. GRIEVANTS X-rays And M.R.I Should of Been Performed As Soon As The ACCIDENT Took Place INSTEAD of HAVING GRIEVANT Being Forced To only TAKE bAIN PIlls AS THE WAY To Dealing WITH His INJURIES, Especially When GRIEVANT ORIGINALly INDICATED To The Medical STAFF And Docter THAT His INJURIES Were Causing Him a Great Deal of PAIN

Y math J. Jim K51116

★ EXHIBIT # 3 ★

EXHIBIT #3

Case 3:07-cv-00826-MJR-DGW   Document 1   Filed 11/17/08   Page 18 of 24   Page ID #18
ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

1C-19-01

| Grievance Officer's Report |
|---|

**Date Received:** June 22, 2007      **Date of Review:** June 28, 2007      **Grievance #** (optional): _____

**Offender:** Tiner, Emmit        **ID#:** K51116

**Nature of Grievance:** Medical Treatment

**Facts Reviewed:** The grievant states that he suffered injuries from an accident that occurred on June 14, 2007 at approximately 8:30 a.m. The grievant states that Superintendent Mott was involved in this accident. No details of the accident were provided by the grievant. The grievant states that he informed the health care unit and subsequently the doctor that his pain was severe in the left arm area, shoulder area, and lower left side back area. The grievant contends that initially and in his follow-up exams that he was experiencing pain in his lower back to such a degree that he was having difficulty walking, sitting, laying, and standing for long periods.

The grievant states that on June 21, 2007 an x-ray of his shoulder area was taken. The grievant claims that his shoulder was not the only injury. The grievant states that x-rays and MRI's should have been performed as soon as the accident occurred instead of being given pain medication only.

Relief requested by the grievant is to have a full-body MRI.

This Grievance Officer reviewed the following to formulate a recommendation:

The written grievance was reviewed and a summarization is written above.

A hand-written response on the reverse-side of a copy of the offender's grievance that states an x-ray was done on his left arm. Offender S/R (self-reported) on 06-14-07 that this was the area that had been injured. This hand written response was unsigned but known to be the response from Janet Barnard who is the Director of Nursing. This Grievance Officer called Janet Barnard this date and verbally verified this to be her response.

A hand-written letter to Acting Warden Austin from the grievant was reviewed. The letter states much of the same information as the grievance. A written response by Acting Warden Austin states that by his reports the offender refused to go to the health care unit and had to be given a direct order to do so.

**Recommendation:** Based on all of the available information at the time of this review I make the following recommendation in good faith: I recommend that this grievance be denied. The grievant does not have medical training sufficient to dictate appropriate testing and treatment. I recommend that his complaints and physical condition should be reviewed, evaluated, and monitored as determined appropriate by a licensed medical doctor.

Timothy P. Coffey
    Print Grievance Officer's Name                       Grievance Officer's Signature
    **(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

EXHIBIT #3

| Chief Administrative Officer's Response |
|---|

**Date Received:** 6-28-07     ☒ I concur     ☐ I do not concur     ☐ Remand

**Comments:**

*EXHIBIT # 4*



# Illinois
Department of
# Corrections

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

Shawnee Correctional Center / 6665 State Route 146 East / Vienna, IL 62995 / Telephone: (618) 658-8331 / TDD: (800) 526-0844

DATE:        July 27, 2007

TO:          Correctional Officers

FROM:        Linda Runge,
             Nurse Practitioner

SUBJECT:     Tiner, Emmit K51116 (1C-19)

This is a slow walk permit for the above mentioned offender due to medical reasons.  This permit is valid
for 3 months and will expire on 10/27/07.

Thank you for your assistance in this matter.

cc: Medical Record

*EXHIBIT #5*



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

**1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844**

October 1, 2007

Emmit Tiner
Register No. K51116
Pinckneyville Correctional Center

Dear Mr. Tiner:

This is in response to your grievance received on September 27, 2007, regarding Medical (Requesting Cane) and Staff Conduct (Nurse Carolyn), which were alleged to have occurred at Shawnee Correctional Center. This office has determined the issues will be addressed without a formal hearing.

This office has reviewed your two written grievances (combined for this review) regarding requests for a walking cane and allegations that Nurse Carolyn talked the Doctor out of giving you a cane.

The Grievance officer's report and subsequent recommendation dated August 29, 2007 and approval by the Chief Administrative Officer on August 29, 2007 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be and relief requested denied. Staff misconduct is not substantiated and it appears upon review of the X-Rays, the Doctor did not find it necessary to issue a cane. Should issues continue, this office would encourage Tiner to submit the appropriate sick call requests to Pinckneyville's Health Care Unit.

FOR THE BOARD: _Sherry Benton_
Sherry Benton
Administrative Review Board
Office of Inmate Issues

CONCURRED: _Roger E. Walker_
Roger E. Walker Jr.
Director

cc:   Acting Warden Dan Austin, Pinckneyville Correctional Center
      Emmit Tiner, Register No. K51116

*************************************************

WEEK: JUN. 10, 2007
FOR: SHA     CELL HOUSE: 01
IDOC#: K53116   TINER, EMMIT
PRIMARY: INSIDE GROUNDS, LABO

INMATE ACTIVITY CARD

01-C-19
GRADE: C   EFF:

LOSS OF COMMISSARY:   5/14/07   TO   6/28/07

| ACTIVITY | FROM | TO | LOCATION | OUT | IN | OUT | IN |
|---|---|---|---|---|---|---|---|
| -- SUNDAY        06/10 -- | FROM | TO | LOCATION | OUT | IN | OUT | IN |
| LOSS PRIV, COMMISSAR | 00:01A | 12:00P | ALL UNITS | | | | |
| SUPV: GROANING, BILL | | | | | | | |
| LOSS PRIV, RECREATIO | 00:01A | 12:00P | ALL UNITS | | | | |
| SUPV: GROANING, BILL | | | | | | | |
| PROTESTANT, SHAWNEE | 09:00A | 10:30A | CHAPEL/SUN | | | | |
| SUPV: APPROPRIATE SUPERVISOR | | | | | | | |
| PROTESTANT, SHAWNEE | 01:00P | 02:00P | CHAPEL/SUN | | | | |
| SUPV: APPROPRIATE SUPERVISOR | | | | | | | |
| -- MONDAY        06/11 -- | FROM | TO | LOCATION | OUT | IN | OUT | IN |
| LOSS PRIV, COMMISSAR | 00:01A | 12:00P | ALL UNITS | | | | |
| SUPV: GROANING, BILL | | | | | | | |
| LOSS PRIV, RECREATIO | 00:01A | 12:00P | ALL UNITS | | | | |
| SUPV: GROANING, BILL | | | | | | | |
| INSIDE GROUNDS, LABO | 08:00A | 03:00P | INSIDE GRO | | | | |
| SUPV: WALKER, JERROD | | | | | | | |
| -- TUESDAY       06/12 -- | FROM | TO | LOCATION | OUT | IN | OUT | IN |
| LOSS PRIV, COMMISSAR | 00:01A | 12:00P | ALL UNITS | | | | |
| SUPV: GROANING, BILL | | | | | | | |
| LOSS PRIV, RECREATIO | 00:01A | 12:00P | ALL UNITS | | | | |
| SUPV: GROANING, BILL | | | | | | | |
| INSIDE GROUNDS, LABO | 08:00A | 03:00P | INSIDE GRO | | | | |
| SUPV: WALKER, JERROD | | | | | | | |
| PROTESTANT, PARTICIP | 06:30P | 07:45P | CHAPEL/TUE | | | | |
| SUPV: APPROPRIATE SUPERVISOR | | | | | | | |
| -- WEDNESDAY     06/13 -- | FROM | TO | LOCATION | OUT | IN | OUT | IN |
| LOSS PRIV, COMMISSAR | 00:01A | 12:00P | ALL UNITS | | | | |
| SUPV: GROANING, BILL | | | | | | | |
| LOSS PRIV, RECREATIO | 00:01A | 12:00P | ALL UNITS | | | | |
| SUPV: GROANING, BILL | | | | | | | |
| INSIDE GROUNDS, LABO | 08:00A | 03:00P | INSIDE GRO | | | | |
| SUPV: WALKER, JERROD | | | | | | | |
| CHOIR, PARTICIPANT | 08:30A | 11:00A | CHAPEL/WED | | | | |
| SUPV: APPROPRIATE SUPERVISOR | | | | | | | |
| -- THURSDAY      06/14 -- | FROM | TO | LOCATION | OUT | IN | OUT | IN |
| LOSS PRIV, COMMISSAR | 00:01A | 12:00P | ALL UNITS | | | | |
| SUPV: GROANING, BILL | | | | | | | |
| LOSS PRIV, RECREATIO | 00:01A | 12:00P | ALL UNITS | | | | |
| SUPV: GROANING, BILL | | | | | | | |
| INSIDE GROUNDS, LABO | 08:00A | 03:00P | INSIDE GRO | | | | |
| SUPV: WALKER, JERROD | | | | | | | |
| CHOIR, PARTICIPANT | 01:00P | 02:15P | CHAPEL/WED | | | | |
| SUPV: APPROPRIATE SUPERVISOR | | | | | | | |
| -- FRIDAY        06/15 -- | FROM | TO | LOCATION | OUT | IN | OUT | IN |
| PENTECOSTAL, PARTICI | 06:30P | 07:45P | CHAPEL/THU | | | | |
| SUPV: APPROPRIATE SUPERVISOR | | | | | | | |

EXHIBIT # 6

DAY OF ACCIDENT

STATE OF ILLINOIS )
)SS
COUNTY OF )

RANDOLPH

## AFFIDAVIT

I, Emmitt T. Tiner do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts:

While in Shawnee Correctional Facility Between June 14, 2007 To September 26, 2007 I Made several requests To The Director OF Nurses (J. Bernhard) For Access And Information From My Medical Files And I Never Received Any responses. Also, Between January 1, 2008 To May 27, 2008 I Also made requests To The Medical Records Director (Angela Bruns) At Pinckneyville Correctional Facility For Access And Information From My Medical Files And I Never Received Any responses. Also, Since Being Incarcerated At Menard Correctional Facility Since May 27, 2008 To The Present I Have Sent Several requests To The Medical records Director (Cheryl Sauer Hage) Asking for Access And Information From My Medical Files And Never Received a Response Back. I Have also Written a letter To The Freedom of Information Act Officer For The Illinois Dept of Corrections (Brian Fairchild) Asking for Information from My Medical Files, Photo Copies of Any Medical reports From The Medical Staff or Investigative reports from Internal Affairs At Shawnee Correctional Facility Regarding The Affiant Sustaining Injuries And ▓▓▓▓▓▓ Needing Medical Attention After being Hit By A Illinois Dept of Corrections Vehicle on June 14, 2007. All requests To The Freedom of Information Act Officer Were Denied. Also, Appeals To The Director of The Dept of. Corrections Also Denied (Copy of Both Denial Letters Attached To Affidavit

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 09 day of November, 2008.

_____
Affiant

$E \chi H_1 B_1 T \# 8$



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

July 25, 2008

Mr. Emmitt Tiner K51116
Menard Correctional Center
P.O. Box 711
Menard, IL  62259

Dear Mr. Tiner:

This letter is in response to your Freedom of Information request #80715019.

You have requested any copies that where filed by the Health Care Unit related to an accident.

All of this information and other information that you have requested is located in your master file and have been denied under Section 7 (A) of the Freedom of Information Act. Your request further denied under Section 107.310 of the Administrative Code Section, Access to Records, which state, *"the master record files of committed persons shall be confidential and access shall be limited to authorized persons. Committed persons shall not be permitted access to their master record files except as expressly permitted by law or this Subpart."*

Also under Section 7 c (v) which states in part, *"....or disclose internal documents of correctional agencies related to detection, observation or investigation of incidents of crime or misconduct."*

You may appeal my decision to Director Roger E. Walker Jr.

Sincerely,

Brian Fairchild
Freedom of Information Officer

*Exhibit # 9*



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

October 1, 2008

Mr. Emmitt Tiner K51116
Menard Correctional Center
P.O. Box 711
Menard, IL 62259

Dear Mr. Tiner:

This letter is in response to your Freedom of Information appeal #80715019.

You have requested any copies that where filed by the Health Care Unit related to an accident.

All of this information and other information that you have requested is located in your master file and have been denied under Section 7 (A) of the Freedom of Information Act. Your request further denied under Section 107.310 of the Administrative Code Section, Access to Records, which state, *"the master record files of committed persons shall be confidential and access shall be limited to authorized persons. Committed persons shall not be permitted access to their master record files except as expressly permitted by law or this Subpart."*

Also under Section 7 c (v) which states in part, *"….or disclose internal documents of correctional agencies related to detection, observation or investigation of incidents of crime or misconduct."*

I uphold Mr. Fairchild's decision.

Sincerely,

Roger E. Walker Jr.
Director